UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONALD DILL,

  Plaintiff,         Case No. 3:20-cv-373

vs.

DRAKE-STATE AIR, INC., *et al.*,    District Judge Michael J. Newman

  Defendants.

_____

**ORDER AND ENTRY: (1) GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR CONDITIONAL CLASS CERTIFICATION; (2) CONDITIONALLY CERTIFYING A COLLECTIVE CLASS ACTION; (3) APPROVING PLAINTIFF'S UNOPPOSED PROPOSED CLASS NOTICE AND DISTRIBUTION METHODS; (4) ORDERING THE PARTIES TO CONFER; AND (5) SETTING THIS CASE FOR A PRELIMINARY PRETRIAL CONFERENCE ON MARCH 23, 2021**

_____

This is a civil case in which Plaintiff asserts, *inter alia*, claims for unpaid wages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"). Doc. 1. Plaintiff asserts such claims against his former employer, Defendant Drake-State Air, Inc. ("Drake"), and its owner Steve Chrismer. *Id.* This case is presently before the Court on Plaintiff's motion for conditional class certification under the FLSA and for approval of a proposed notice to potential opt-in Plaintiffs. Doc. 2. Defendants do not oppose Plaintiff's motion. Doc. 7. The Court has carefully considered Plaintiff's unopposed motion, and it is now ripe for decision.

Under the FLSA, employers are required to pay employees a minimum wage, as well as overtime compensation for hours worked in excess of forty hours in a workweek. 29 U.S.C. §§ 206, 207. In instances where such wages are not paid, the FLSA provides employees a private right of action against employers to recover unpaid wages, as well as the right to assert a representative collective action on behalf of "other employees similarly situated." 29 U.S.C.

§ 216(b).  An FLSA collective action requires two elements: (1) plaintiffs must be similarly situated; and (2) "plaintiffs must signal in writing their affirmative consent to participate in the action."  *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 167-68 (1989)).  The determination of whether employees are similarly situated occurs in two phases, the first phase taking place at the beginning of discovery and the second phase occurring at the conclusion of discovery.  *Comer*, 454 F.3d at 546.

Plaintiff's motion here concerns the first, conditional certification and initial notice phase (doc. 2), a phase in which he "must show only that 'his position is similar, not identical, to the positions held by the putative class members.'"  *Comer*, 454 F.3d at 546-47 (citations omitted).  Generally, conditional certification is proper where prospective collective class members "'suffer from a single, FLSA-violating policy' or their claims are 'unified by common theories of defendants' statutory violations, even if the proofs of these theories are inevitably individualized and distinct.'"  *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 875 (S.D. Ohio 2017).  At the initial certification phase, "the Court does not generally consider the merits of the claims, resolve factual disputes, or evaluate credibility."  *Id.* at 874.  Further, at this stage, the Court employs a "fairly lenient standard" and Plaintiff is required to make only a "modest factual showing[.]"  *Id.* at 547.  Because of the lenient standard employed and the modest factual showing required, courts typically grant "'conditional certification' of a representative class[.]"  *Id.*[1]

Here, Plaintiff worked as an installer for Drake -- an Eaton, Ohio company providing installation and repair services for air conditioning units, heating units, and heat pumps throughout

---

[1] The court examines "more closely" the issue of whether employees are similarly situated during the second and final phase and "employs a stricter standard" because it has the benefit of "much more information on which to base its decision[.]"  *Id.*  Notably, the second phase is generally initiated by the filing of "a motion to decertify the class if appropriate to do so based on the individualized nature of the plaintiffs' claims."  *Hamm v. S. Ohio Med. Ctr.*, 275 F. Supp. 3d 863, 874 (S.D. Ohio 2017).

the Dayton, Ohio region -- between 2004 and January 2020.  Doc. 2-1.  Approximately 15 installers

worked for Drake during Plaintiff's last three years of employment.[2]  *Id.*

Throughout his employment, Plaintiff and all other installers began work each day at

Defendant's Eaton facility at 7:00 or 7:30 a.m.  *Id.*  At the Eaton facility, installers would clock-

in; meet up with their co-workers; receive necessary instructions and feedback; pick up a company-

owned vehicle for performing their work; load the vehicle with necessary supplies, materials, and

tools; and then drive to each customer's location to perform their HVAC installation work.  *Id.*

After completing work at the customers' location between 4:00 p.m. and 6:00 p.m., installers were

required to clock-out remotely from the customer's location (using a cellular phone) before then

driving back to Drake's Eaton facility where they dropped off the company-owned vehicle and

were sometimes required to perform additional tasks.  *Id.*

According to Plaintiff, he and other installers spent an average of four hours of

uncompensated time each week driving back to Eaton from customer locations throughout the

Dayton region -- sometimes as far east as Springfield, Ohio -- at the end of the workday.  *Id.*

Plaintiff also asserts that he and other installers averaged an additional two hours of

uncompensated work per week performing tasks at Defendant's facility upon returning at the end

of the day.  *Id.*  As a result, Plaintiff asserts, on his own behalf and on behalf of allegedly similarly

situated installers, that Defendants' policy -- requiring installers to clock-out at customer homes

-- resulted in installers not being paid appropriate wages, including overtime compensation.  *Id.*

Based on the foregoing facts, Plaintiff has sufficiently shown that he and other installers

are "similarly situated" for purposes of conditional certification of a collective action.  Therefore,

Plaintiff's unopposed motion for conditional certification of a FLSA collective class (doc. 2) is

---

[2] The three-year inquiry is relevant because "a cause of action arising out of a willful violation [of the FLSA] may be commenced within three years after the cause of action accrued."  29 U.S.C. § 255(a).

**GRANTED** and the Court **CONDITIONALLY CERTIFIES** a class of all installers who work or have worked for Defendants since September 7, 2017 through the present. The Court also **APPROVES** Plaintiff's unopposed proposed notice and proposed means of distribution.

Pursuant to Federal Rule of Civil Procedure 16, this civil case is set for a preliminary pretrial scheduling conference before Judge Michael J. Newman on **March 23, 2021** at **2:00 pm**. The trial attorney for each party is required to appear and participate in the preliminary pretrial scheduling conference with the Court. To participate, counsel shall call: 1-888-278-0296, enter access code 2725365, security code 123456, and wait for the Court to join the conference.

Prior to the preliminary pretrial scheduling conference, the parties shall confer in good faith and prepare a report as required by Fed. R. Civ. P. 26(f)[3] to include, *inter alia*, procedures for class member identification, procedures for class member notification, and a proposed deadline for class members to opt-in. The parties' Rule 26(f) report shall be filed with the Court on or before **March 16, 2021**. Unless otherwise agreed to by the parties in their Rule 26(f) Report, initial disclosures must be made as required by Rule 26(a)(1). Rule 26(a)(1) initial disclosures must be served upon all parties in the case and should not be filed with the Court unless filed in support of a motion. The parties are **ADVISED** that failure to comply with any provision of this Order may result in appropriate sanctions including, but not limited to, dismissal of this action or the entry of a default judgment pursuant Rule 16(f) and Rule 37(b)(2)(A).

    **IT IS SO ORDERED.**

Date:   <u>February 25, 2021</u>                <u>s/ Michael J. Newman</u>
                                                Hon. Michael J. Newman
                                                United States District Judge

---

[3] A form Rule 26(f) Report of the Parties (applicable to the Western Division at Dayton) is accessible on the Court's website at **http://www.ohsd.uscourts.gov/ohio-southern-district-forms**.