UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

RONALD DILL,

    Plaintiff,

vs.

DRAKE-STATE AIR, INC., *et al.*,

    Defendants.

Case No. 3:20-cv-373

District Judge Michael J. Newman
Magistrate Judge Sharon L. Ovington

---

### ORDER: (1) GRANTING THE PARTIES' JOINT MOTION FOR APPROVAL OF THEIR SETTLEMENT AGREEMENT (DOC. NO. 14); (2) STAYING DISTRIBUTION OF CLASS NOTICE; (3) DISMISSING THIS CASE WITH PREJUDICE; AND (4) TERMINATING THIS CASE ON THE DOCKET

---

Plaintiff Ronald Dill brings this action asserting, *inter alia*, claims for unpaid wages, including overtime compensation, under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Doc. No. 1. This case is now before the Court on the parties' joint motion for approval of their settlement agreement and request to stay distribution of a class notice. Doc. No. 14.

Plaintiff initially moved for conditional certification of an FLSA class on September 16, 2020. Doc. No. 2. The Court granted Plaintiff's motion and also approved Plaintiff's proposed procedure for distribution of notice to potential opt-in plaintiffs. Doc. No 9. At a subsequent status conference, the parties advised the Court that Defendants had settled Plaintiff's individual claims. Doc. No. 12. The Court then ordered counsel to file a motion within 10 days to seek any requested relief from the Court. Doc. No. 13. The parties subsequently filed a joint motion for approval of their settlement agreement and requested the Court stay distribution of the class notice. Doc. No. 14.

## I.

"Employees are guaranteed certain rights by the FLSA and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-cv-299, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "As a general rule, employees' claims under the FLSA are non-waivable and may not be settled without supervision of either the Secretary of Labor or a district court." *Gentrup v. Renovo Services, LLC*, No. 1:07-cv-430, 2011 WL 2532922, at *2 (S.D. Ohio June 24, 2011) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-53 (11th Cir. 1982)). Thus, "[t]he proper procedure for obtaining court approval of the settlement of FLSA claims is for the parties to present to the court a proposed settlement, upon which the district court may enter a stipulated judgment only after scrutinizing the settlement for fairness." *Id.* at *2.

In a single plaintiff case such as this, the following factors apply to determine whether the settlement is fair and reasonable: (1) the risk of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the amount of discovery completed; (4) the likelihood of success on the merits; and (5) the public's interest in the settlement. *LaRue v. SelfieStyler, Inc.*, No. 2:19-CV-03617, 2020 WL 7123036, at *2 (S.D. Ohio Dec. 4, 2020) (citing *Padilla v. Pelayo*, No. 3:14-cv-305, 2015 WL 4638618, at *1 (S.D. Ohio Aug. 4, 2015)).

## II.

Having carefully and thoroughly reviewed the terms of the parties' joint settlement agreement, the Court finds the settlement represents a fair and reasonable resolution of the bona fide disputes presented here. *Kritzer v. Safelite Solutions, LLC*, No. 2:10-cv-0729, 2012 WL 1945144, at *5 (S.D. Ohio May 30, 2012) ("[T]he Court must ensure that there is a bona fide dispute between the parties as to the employer's liability under the FLSA"). There is no risk of fraud or collusion, as the settlement was the result of eleven months of intense negotiations between the parties that were represented by able counsel. Doc. No. 14 at PageID 77; *White v.*

*Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary.'") (quoting *UAW v. Gen. Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006)).

Resolving the issues between the parties would likely be time consuming, complex, and involve some uncertainty regarding Plaintiff's likelihood of success on the merits.[1] Doc. No. 14 at PageID 81. While discovery has been somewhat limited in nature, the parties' counsel opine -- and the Court agrees -- that the proposed settlement agreement is fair, reasonable, and in the best interests of all parties. *Gentrup*, 2011 WL 2532922, at *3. Finally, approval of a fair and reasonable agreement promotes the public's interest in encouraging settlement of litigation. *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL 776933 at *5-6 (N.D. Ohio Mar. 8, 2010). For these reasons, approval of the settlement agreement is warranted.

Given that approval of the settlement agreement is proper, the Court is required to dismiss this case and stay distribution of the class notice. *See Genesis Healthcare Corp v. Symczyk*, 569 U.S. 66, 74-78 (2013). Conditional certification under § 216(b) of the FLSA is a case management tool used at the court's discretion to facilitate notice. *Id*. at 75; *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 171 (1989) ("it lies within the discretion of a district court to begin its involvement [in the management of an FLSA claim] early, at the point of the initial notice, rather than at some later time."). In *Genesis*, the Supreme Court distinguished between class action suits under Fed. R. Civ. P. 23 and collective actions brought under § 216(b). *Genesis*, at *id*. The Court explained that conditional certification under § 216(b) "does not produce a class with an independent legal status, or join additional parties to the action. The sole consequence of

---

[1] The parties note that resolving this case would involve significant fact-finding and document review. The parties realistically suggest that absent settlement, adjudication of Plaintiff's claims could take several years, involve extensive discovery regarding Plaintiff's hours worked, and would require testimony of multiple expert witnesses. Doc. No. 14 at PageID 81.

conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court." *Id.* (citations omitted). There, as here, no other employees have filed written consent to join the case.

As this litigation currently stands, no party has a personal interest in representation of "putative, unnamed claimants, nor any other continuing interest that would preserve [the] suit from mootness." *Genesis*, 569 U.S. at 78. Where there is no personal interest in pursuing a lawsuit, there is no case or controversy, and this Court lacks subject matter jurisdiction. *Id.*

Because approving the proposed settlement agreement will moot the case, policy concerns weigh heavily against distributing notice. *Hoffman*, 493 U.S. at 174. "In exercising discretionary authority to oversee the notice-giving process, courts must be scrupulous to respect judicial neutrality." *Id.* *Hoffman* "flatly forbids" crossing the line from facilitating notice as a method of case management to facilitating notice in order to solicit claims. *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 442 (5th Cir. 2021). In the instant case, ordering counsel to send notice would constitute soliciting claims because the recipients of such notice would be asked to join a case that had already been settled and dismissed. Consequently, this Court will not require counsel to distribute notice.

### III.

The Court: (1) **GRANTS** the parties' joint motion for approval of the settlement agreement (doc. no. 14); (2) **STAYS** distribution of the proposed class notice; (3) **DISMISSES** this matter **WITH PREJUDICE**; and (4) **TERMINATES** this case on the docket.

**IT IS SO ORDERED.**

Date: July 13, 2021                                s/Michael J. Newman
                                                   Hon. Michael J. Newman
                                                   United States District Judge